LAW OFFICES OF FRED G. MINASSIAN, INC.
FRED G. MINASSIAN, ESQ. (170974)
101 N. BRAND BLVD., SUITE 1970
GLENDALE, CA 91203
(818)240-2444 FAX. (818)240-3444

**Attorney for Defendant,**
**ZIAULLAH LALLI**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> ZIAULLAH LALLI ) <br> ) <br> Defendant. ) <br> ) | CASE NO:   CR 07-276-JFW <br><br> DEFENDANT'S STATEMENT OF POSITION REGARDING DEFENDANT'S SENTENCE <br><br> Sentencing Hearing: <br> November 30, 2009 at 1:15 p.m. <br> Place: Honorable Judge Walter |

Pursuant to Federal Rule of Criminal Procedure, Defendant, Ziaullah Lalli, by and through his attorney of record, Fred G. Minassian, hereby files its Position Statement Regarding The Defendant's Sentence.

Said position is based upon the attached memorandum of points and authorities, the PSR submitted by the USPO, any other evidence or argument presented at defendant's sentencing hearing, and the record in this case.

DATED: November 20, 2009            Respectfully submitted,

                                    __/s/_____
                                    FRED G. MINASSIAN, ESQ.
                                    Attorney for Defendant

# MEMORANDUM OF POINTS & AUTHORITIES

## I.

## CASE BACKGROUND

On December 3, 2007, defendant pled guilty to count 1 of the indictment filed on June 2006 to a violation of 21 U.S.C. § 846, 841 (a)(1) Conspiracy to possess with intent to distribute and to distribute cocaine beginning on or about May 6, 2002. Defendant Lalli and co-defendant Wardak, conspired to possess with intent to distribute more than 500 grams of a mixture containing cocaine.

The PSR determined that defendant's sentence based on considering both the sentencing factors enumerated at 18 U.S.C. § 3553 (a) and the advisory guideline range of sixty to seventy-one months, which is based upon an offense level of twenty-three and a criminal history category of III, the probation officers recommended the term of sixty months. Further, the supplemental pre-sentence report regarding Mr. Lalli's criminal history adjustment has not yet been received.

## II.

## THE SENTENCING FACTORS SET FORTH IN 18 U.S.C. § 3553(a) SUPPORT THE DEFENDANT'S RECOMMENDED SENTENCE

The Federal Sentencing Act[1] "requires a sentencing court to consider the Guidelines' ranges, but it permits the court to tailor the sentence in light of other statutory concerns as well ...." United States v. Booker, 125 S.Ct 738, 757 (citations omitted). Section 3553(a) provides that the Court shall consider the nature of the circumstances of the offense and the history and characteristics of the defendant. Section 3553(a)(2) further provides that the Court shall also consider the need for the sentence to be imposed. Among the factors to be considered are the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to criminal conduct.

Further pursuant to Gall v. U.S. 2007 U.S. Lexus 13083 the guideline is a starting point

---

1 See Sentencing Reform Act of 1984, as amended, 18 U.S.C. § 3551, et seq., 28 U.S.C. § 991, et seq.

and the initial bench mark, and may not be the only consideration, and District Court Judges should follow all of the 3553 (a) factors to determine the sentence requested by a party.

## III.

## GOVERNMENTS 5K POSITION

The government will propose a 6 level downward departure from an offense level 23 to an offense level 17 with the guideline range of 24-37 months; 27-33 months, and 30-37 months, due to Mr. Lalli's substantial cooperation.

## IV.

## SUBSTANTIAL ASSISTANCE U.S.S.G. § 5K1.1

Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from guidelines.

(a) The appropriate reduction shall be determined by the court for reasons stated that may include, but not limited to, consideration of the following sentence the defendant mandatory minimum.

> 1. The court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;
> 2. The truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
> 3. The nature and extent of the defendant's assistance;
> 4. Any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;
> 5. The timeliness of the defendant's assistance.

Also, District Court is not authorized to sentence below a statutory mandatory minimum unless the government motion certifies a defendant's substantial assistance and requests a departure, pursuant to 18U.S.C. section 3553(e). Melendez v. United States, 518 U.S. 120 1996.

In this case the government will make a request for a departure pursuant to 18 U.S.C.

Section 3553(e) and based on said request the court does have the authority to sentence the defendant below the statutory mandatory minimum.

The defendant upon his agreement with the government has made all efforts to truthfully assist the appropriate authorities in the investigation and prosecution of individuals involved in illegal activities. Even at times placing himself in danger in order to accomplish his promise to the government.

## V.

## POST OFFENSE REHABILITATION & REMORSE

Under <u>United States v. Brock,</u> 108 F.3d31 post offense rehabilitation is a proper ground for downward departure.

In this case Mr. Lalli's substantial cooperation with the government was a genuine effort on his part to eradicate crime. As such, said conduct and the unconditional assistance clearly shows the defendant's willingness to stay away from a life of crime and more importantly show remorse for even attempting to be involved in a life of crime. [See attached exhibit "A" Mr. Lalli's letter to the court.]

Mr. Lalli's conduct is analogous to a co-conspirator not only withdrawing from the conspiracy but also taking affirmative steps to thwart the conspiracy. Thus, Mr. Lalli's cooperation fully demonstrates his rehabilitation away from life of crime.

## VI.

## ADEQUACY OF CRIMINAL HISTORY CATEGORY U.S.S.G § 4A1.3

If reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range.

Mr. Lalli's supplemental pre-sentence report regarding his criminal category was not available by the time this memorandum was prepared. Mr. Lalli has moved to expunge all of his prior convictions. [See attached exhibit "B"] set forth below: